49,474-06

September 16, 2015

Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711

Valentin Moreno, Jr.
788216, Robertson Unit
12071 FM 3522
Abilene, Texas 79601

Re: Writ of Mandamus Filing

Dear Mr. Acosta:

Enclosed you will find a Motion For Leave To File A Writ of Mandamus, a Declaration of Inability To Pay Court Costa, a Motion To Suspend Tex. R. App. P. Rule 9.3 - Pursuant To Tex. R. App. P. Rule 2 and a Writ of Mandamus petition. All to be asigned a cause number and brought to the attention of the Court, as time permits. Also enclosed is a copy of all mentioned pleadings.

The enclosed Writ of Mandamaus, has direct bearing on application for writ of habeas corpus [WR-49,474-05].

Enclosed is a self-addressed envelope with postage pre-paid. Can you please send me a stampted filed copy of this cover letter, for my records.

Thank you for your time, attention and assistance.

Respectfully,

_Valentin Moreno Jr_

**RECEIVED IN**
COURT OF CRIMINAL APPEALS

SEP 22 2015

Abel Acosta, Clerk

cc:file, Judge Ramirez, HCDA Rodriguez,
FWLT.

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

Ex parte                        §

Valentin moreno, Jr.         §        Court of Criminal Appeals

Applicant                 §        cause No._____

## DECLARATION OF INABILITY TO PAY COURT COSTS

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

   Comes Now, Valentin Moreno, Jr. "Applicant", Pro Se and respectfully files this his DECLARATION OF INABILITY TO PAY COURT COSTS. In support of the foregoing, Applicant would show:

### I.

   Applicant is "indigent" and has no means to pay court costs. The 332nd Judicial District Court has found Applicant to be indigent.

### II.

   Attached hereto, is a copy of Applicant's inmate trust fund account. This shows applicant is a poor man.

### III.

   I, Valentin Moreno, Jr., understand a false statement herein this declaration will subject me to penalities for perjury. I verify under the penalty of perjury that the foregoing is true and correct.

   Signed this /6th day of September , 2015.

                                 _Valentin Moreno_____
                                   Valentin Moreno, Jr., #788216
                                   French M. Robertson Unit
                                   12071 FM 3522
                                   Abilene, Texas 79601

```
CSINIB02/CINIB02    TEXAS DEPARTMENT OF CRIMINAL JUSTICE        09/17/15
RB51/RBA2481              IN-FORMA-PAUPERIS DATA                 09:41:34
TDCJ#: 00788216 SID#: 05134265 LOCATION: ROBERTSON      INDIGENT DTE:
NAME: MORENO,VALENTIN JR            BEGINNING PERIOD: 03/01/15
PREVIOUS TDCJ NUMBERS: 00689184
CURRENT BAL:       20.60 TOT HOLD AMT:       0.00 3MTH TOT DEP:      180.00
6MTH DEP:         370.00 6MTH AVG BAL:      28.39 6MTH AVG DEP:       61.67
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
08/15      14.06           0.00        05/15      26.18           90.00
07/15      45.79          50.00        04/15     113.62            0.00
06/15     106.18         130.00        03/15     113.62          100.00
PROCESS DATE   HOLD AMOUNT    HOLD DESCRIPTION
```

STATE OF TEXAS COUNTY OF _Jones_
ON THIS THE _17_ DAY OF _September_, _15_, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG: _____
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____ OR SID NUMBER: _____


SHAWN M. ELLISON
Notary Public, State of Texas
My Commission Exp 11-26-17

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| | | |
|---|---|---|
| Ex parte | § | |
| | | COURT OF CRIMINAL APPEALS |
| VALENTIN MORENO, JR. | § | Cause No._____ |
| Applicant | § | |

## MOTION TO SUSPEND TEX. R. APP. P. 9.3 - PURSUANT TO TEX. R. APP. P. 2

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Valentin Moreno, Jr., "Applicant", Pro Se and respectfully files this his MOTION TO SUSPEND TEX. R. APP. P. RULE 9.3 - PURSUANT TO TEX. R. APP. P. RULE 2; and would further show this most Honorable Court the following:

I.

This most Honorable Court has jurisdiction over the parties and subject-matter pursuant to TEX. R. APP. P. 52.

II.

TEX. R. APP. P. 9.3 requires that Applicant file the Original, and Eleven (11) copies of his Pro Se Motion to Suspend into this court. The applicant is proceeding in forma pauperis and has limited assistance from the freeword. The required number of copies, on top of serving the listed parties in interest would cause a server hardship on Applicant. TEX. R. APP. P. Rule 2, allows this Honorable Court, for good cause shown, to suspend TEX. R. APP. P. 9.3 and allow for a leser number of copies to be filed.

III.

The Applicant makes this motion in good faith and not for purpose to harass Respondent or this most honorable Court.

Page 1 [MTS]

**IV.**

WHEREFORE, PREMISES CONSIDERED, the Applicant respectfully prays this most Honorable Court would GRANT this motion; thereinafter SUSPENDING the required number of copies under TEX. R. APP. P. 9.3 and, allow Applicant to file only the Original plus one (1) copy of his Pro Se Writ of Mandamus.

Signed and executed on this 16th day of September, 2015.

)

Respectfully Submitted,

*Valentin Moreno Jr.*
Applicant, Pro se
Valentin Moreno, Jr.
788216, Robertson Unit
12071 FM. 3522
Abilene, Texas 79601

## V.
## VERIFICATION

I, Valentin Moreno, Jr., being incarcerated at the French M. Robertson Unit, in Jones County, texas; do hereby verify and declare under penalty of perjury that the foregoing Motion and statements made therein, are all true and correct and made in good faith.

Signed and executed on this 16th day of September, 2015.

Respectfully Submitted,

*Valentin Moreno Jr*
Applicant, Pro Se
Valentin Moreno, Jr.

## VI.
## CERTIFICATE OF SERVICE

I, hereby certify that the ORIGINAL copy of applicant's Motion to Suspend Tex. R. App. P. 9.3 - Pursuant to Tex. R. App. P. 2, was sent by certified mail to the Clerk of the Court of Criminal Appeals, with copies sent to the judge Mario E. Ramirez, Jr. and counsel for the judge. All was sent via U.S. Mail.

Signed and executed on this 16th day of September, 2015.

*Valentin Moreno*
Applicant, Pro Se
Valentin Moreno, Jr.

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| | | |
|---|---|---|
| ·Ex parte | § | |
| Valentin Moreno, Jr. | § | Court of Criminal Appeals |
| Applicant | § | Cause No._____ |

## APPLICANT'S MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

Comes Now, Valentin Moreno, Jr., "Applicant", Pro Se and respectfully files this his MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS. As good cause, applicant would show the following:

### I-
### JURISDICTION

The Texas Constitution grants this most Honorable court such original jurisdiction as may be provided by law in writ of mandamus action. See, Vernon's ann. Texas Const., Article 5, § 5.

### II-
### MANDAMUS ISSUE

THE RESPONDENT HAS ABUSED ITS DISCRETIONARY POWERS BY FAILING TO PREFORM A MANDATORY MINISTERIAL ACT IN FAILING TO ENTER EXPLICIT FINDINGS OF ACTS UNDER ARTICLE 11.073 (b), (c) AND (d) C. Cr. P.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicant prays this most Honorable Court GRANTS this motion for leave, in the interest of justice.

Signed and executed on this _16th_ day of _September_ , 2015.

Respectfully Submitted,

Valentin Moreno, Jr.
788216, Robertson Unit
12071 FM. 3522
Abilene, Texas 79601

## VERIFICATION

I, Valentin Moreno, Jr., being incarcerated in the French M. Robertson of the TDCJ-CID System, in Jones County, Texas; do hereby verify and declare under the penalty of perjury that all statements in this motion are true and correct.

Signed and executed on this _16th_ day of _September_, 2015.

Respectfully Submitted,

_Valentin Moreno Jr_
Valentin Moreno, Jr.

## CERTIFICATE OF SERVICE

I, do hereby certify, that the original copy of Applicant's Motion for Leave to File Writ of Mandamus was sent by certified mail to the Clerk of the Court of Criminal Appeals, with copies sent to Respondent and Respondent's Counsel.

signed and executed on this _16th_ day of _September_, 2015.

_Valentin Moreno Jr_
Valentin Moreno, Jr.

Writ No. _____

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

TEX. R. APP. P. 52

========================================================================

IN RE

VALENTIN MORENO, JR.

RELATOR, PRO SE.

========================================================================

ON ORIGINAL PETITION FOR A WRIT OF MANDAMUS

FROM RESPONDENT'S INCOMPLETE F.F.C.L.

DATED: JULY 20, 2015

FROM THE 332nd JUDICIAL DISTRICT COURT

IN HIDALGO COUNTY, TEXAS;

THE HONORABLE MARIO E. RAMIREZ, JR.,

PRESIDING JUDGE

========================================================================

RELATOR'S ORIGINAL PETITION FOR A WRIT OF MANDAMUS

========================================================================

ORAL ARGUMENT: REQUESTED

Relator, Pro Se.
Valentin Moreno, Jr.
TDCJ-CID #788216
French M. Robertson Unit
12071 FM 3522
Abilene, Texas 79601
(325) 548-9035

## TABLE OF CONTENTS

===================================================================

SUBJECT                                                    PAGE[S]

===================================================================

LIST OF PARTIES AND COUNSEL .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. i
TABLE OF CONTENTS .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ii
INDEX OF AUTHORITIES .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. iii

I.      STATEMENT OF THE CASE .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 1
II.     STATEMENT OF JURSIDICTION .. .. .. .. .. .. .. .. .. .. .. .. 1 --2
III.    ISSUE PRESENTED FOR RELIEF .. .. .. .. .. .. .. .. .. .. .. .. .. 2

(A)>   THE RESPONDENT HAS ABUSED ITS DISCRETIONARY POWERS BY FAILING TO
       PREFORM A MANDATORY MINISTERIAL ACT IN FAILING TO ENTER EXPLICIT
       FINDINGS OF FACTS UNDER ARTICLE 11.073 (b), (c) AND (d) C. Cr. P.

IV.     STATEMENT OF FACTS .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 2
V.      ARGUMENT AND AUTHORITIES .. .. .. .. .. .. .. .. .. .. .. .. . 2 - 5

   (A)- THE LAW .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 2 - 5
   (B)- MANDAMUS AND MINISTERIAL DUTIES .. .. .. .. .. .. .. .. .. 5 - 6
   (C)- CONCLUSION .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 6 - 8

VI.     PRAYER .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 8
VII.    VERIFICATION .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. . 9
VIII.   CERTIFICATE OF SERVICE .. .. .. .. .. .. .. .. .. .. .. .. .. 9

===================================================================

**APPENDIX SECTION IN SUPPORT:**

**APPENDIX - A:**  JUDGE MARIO E. RAMIREZ, JR.'S; FINDING OF FACTS, CONCLUSIONS OF
                   LAW, RECOMMENDATION AND ORDER

**APPENDIX - B:**  PAGES 1 - 4 OF APPLICATION FOR WRIT OF HABEAS CORPUS; WHEREIN
                   PAGE 4 INVOKES ARTICLE 11.073 CODE OF CRIM PROC.

# INDEX OF AUTHORITIES

===========================================================================

SUBJECT                                                          PAGE[S]

===========================================================================

CASE LAW:

Alabama v. Bozeman, 533 U.S. 146 (2001) .. .. .. .. .. .. .. .. .. .. .. .. .. .. . 4
Banales v. Court of Appeals fot the Thriteenth Judicial Dist., 93 S.W.3d 33 (TCCA 2002) .. .6
Bowen v. Cames, 343 S.W.3d 805 (TCCA 2011) .. .. .. .. .. .. .. .. .. .. .. .. .. .. 6
Boykin v. State, 818 S.W.2d 782 (TCCA 1991) .. .. .. .. .. .. .. .. .. .. .. .. .. 3
Greenwell v. Court of Appeals for the Thriteenth Judicial Dist., 159 S.W.3d 645 (TCCA 2005) .. 6
Ex parte Pruett, 458 S.W.3d 537 (TCCA 2015) .. .. .. .. .. .. .. .. .. .. .. .. .. 4
Ex parte Robbins, 2014 Tex. crim. App. LEXIS 1900 (TCCA 2014) .. .. .. .. .. .. .. . 4,6,7
Ex parte Rodriguez, 169 334 S.W. 2d 294 (TCCA 1960) .. .. .. .. .. .. .. .. .. .. .. 4
In re Bonilla, 424 S.W.3d 528 (TCCA 2014) .. .. .. .. .. .. .. .. .. .. .. .. .. 6
In re State ex rel. Weeks, 391 S.W.3d 117 (TCCA 2013) .. .. .. .. .. .. .. .. .. .. 2,5
In re state ex rel. Tharp, 393 S.W.3d 731 (TCCA 2012) .. .. .. .. .. .. .. .. .. .. 6
Moreno v State, 1 S.W.3d 846 (Tex. App. Corpus Christi 1999) .. .. .. .. .. .. .. .. . 1
State ex rel. Hill v. Court of Appeals for the Fifth Judicial Dist., .. .. .. .. .. .. . 6
State v. Patrick, 86 S.W.3d 592 (TCCA 2002) .. .. .. .. .. .. .. .. .. .. .. .. .. 6
State ex rel. Rosenthal, 98 S.W.3d 194 (TCCA 2002) .. .. .. .. .. .. .. .. .. .. .. 6


STATUS – CODES – RULES:

Tex. Code Crim. Proc. Chapter 2.01                                        7
Tex. Code Crim. proc. Chapter 11.07                             1,2,3,4,5,6,8
Tex. Code Crim. Proc. Chapter 11.073                            1,2,3,4,5,6,7,8
Tex. Gov't Code § 311.016(2)                                              4
Tex. R. App. P. 52                                                        1
Tex. R. App. P. 52.4                                                      8
Tex. R. App. P. 52.8                                                      8
Tex. State Bar R. Discp. P. 15.06                                         7


===========================================================================

CONSTITUTIONAL LAW:

Tex. Const. art. I, § 12 .. .. .. .. .. .. .. .. .. .. .. .. 5
Tex. Const. art. V, § 5 .. .. .. .. .. .. .. .. .. .. .. .. 1

## LIST OF PARTIES

===========================================================================

**RELATOR, PRO SE.**

Valentin Moreno, Jr.
TDCJ-CID #788216
French M. Robertson Unit
12071 FM 3522
Abilene, Texas 79601


**RESPONDENT**

Hon. Judge Mario E. Ramirez, Jr.
332nd Judicial District Court
Hidalgo County Courthouse
100 N. Closner
Edinburg, Texas 78539


**COUNSEL FOR RESPONDENT**

Hon. Ricardo Rodriguez, Jr.
Criminal District Attorney
Hidalgo County courthouse
100 N. Closner
Endinburg, Texas 78539

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| | | |
|---|---|---|
| IN RE | § | |
| VALENTIN MORENO, JR. | § | CCA Case No. _____ |
| RELATOR | § | |

## PETITION FOR A WRIT OF MANDAMUS

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Valentin Moreno, Jr., "Relator", Pro Se and respectfully files

his Petition For A Writ of Mandamus - pursuant to Tex. R. App. P. 52; and, would

further show the Court in support:

### I.
### STATEMENT OF THE CASE

The STATEMENT OF FACTS in this case are presented within the published

opinion in Moreno v. State, 1 S.W.3d 846, 852 (Tex. App. - Corpus Christi 1999,

pet. ref'd). On June 15, 2015, Relator filed subsequent habeas corpus application

under article 11.07 of the Code of Criminal Procedure alleging: (1) prosecutorial

misconduct; (2) ineffective assistance of counsel; (3) cumulative error; (4)

actual innocence. Relator also filed under newly enacted article 11.073 C. Cr.

P. Ann. (Vernon 2015). The State was served with same on June 23, 2015. The

State's answer was filed on Jule 8, 2015. Respondent "Trial Court" signed and

entered prepared FINDINGS OF FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER

(without a hearing) on July 20, 2015. See attached: APPENDIX - (A).

### II.
### STATEMENT OF JURSIDICTION

The Texas Constitution grants this most Honorable Court such original

jurisdiction as may be provided by law in writ of mandamus actions. See, Vernon's

Ann. Texas Constitution, Article 5, § 5. Mandamus is appropriate to compel the

performance of a judicial duty, particulary where the duty is ministerial. See, In re State ex rel. Weeks, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013).

## III.
### ISSUE PRESENTED FOR RELIEF

THE RESPONDENT HAS ABUSED ITS DISCRETIONARY POWERS BY FAILING TO PREFORM A MANDATORY MINISTERIAL ACT IN FAILING TO ENTER EXPLICIT FINDINGS OF FACTS UNDER ARTICLE 11.073 (b), (c) AND (d) C. Cr. P.

## IV.
### STATEMENT OF FACTS

On June 15, 2015, the Relator properly filed subsequent application for a writ of habeas corpus under article 11.07 C. Cr. P. and 11.073 C. Cr. P. (vernon 2015). After the State prosecutor was served with the application on June 23, 2015, it made no efforts to retrieve any additional evidence to be filed into the record. When the State filed it response on July 8, 2015, it also filed proposed FINDINGS OF FACTS, CONCLUSION OF LAW, RECOMMENDATION AND ORDER to Respondent. See, attached APPENDIX - (A). In none of the State's pleadings did it ever cite to, mention, or reach the required fact findings under Article 11.073 (b), (c) and (d) C. Cr. P. Respondent requested no affidavits from trial counsel, police, prosecutors, experts, or witnesses. No hearing was conducted to expand this record. Instead, on July 20, 2015, Respondent merely signed and dated APPENDIX - (A). The Relator filed OBJECTIONS to each of the blatant omissions; plus has filed separate motion before this Court seeking an order to abate and remand this cause back to the Respondent so as to perform these ministerial duties. However, at this time, Relator has been informed that the record and current application has not been filed in this Court. See, APPENDIX - (B). In the interest of justice Relator files this action seeking order for Respondent's performance to these ministerial duties.

## V.
### ARGUMENT AND AUTHORITIES

(A) - THE LAW:

a. This Court construes a statute in accordance with the plain meaning of its text unless the plain meaning leads to absurd results that the legislature could not have possibly intended. See, Boykin v. State, 818 S.2d 782, 785 (Tex. Crim.App. 1991). Article 11.073 in the Texas Code of Criminal Procedure requires, in pertinent part:

(a) This article applies to relevant scientific evidence that:

(1) was not available to be offered by a convicted person at the convicted person's trial; or

(2) contradicts scientific evidence relied on by the State at trial.

(b) A court may grant a convicted person relief on an application for a writ of habeas corpus if:

(1) the convicted person filed an application, in the manner provided by Article 11.07, 11071, or 11.072, contaning specific facts indicating that:

(A) relevant scientific evidence is currently available and was not available at the time of the convicted person's trial because the evidence was not ascertainable through the exercise of reasonable diligence by the convicted person before the date of or during the convicted person's trial; and

(B) the scientific evidence would be admissible under Texas Rules of Evidence at a trial held on the date of the application; and

(2) the court makes the findings described by Subdivisions (1)(A) and (B) and also finds that, had the scientific evidence been presented at trial, on the predonderance of the evidence the person would not have been convicted.

(c) For purpose of Section 4(a)(1), article 11.07, ..., a claim or issue could not have been presented previously in an original application or in a previously considered application if the claim or issue is based on relevant scientific evidence that was not ascertainable through the exercise of reasonable diligence by the convicted person on or before the date on which the original application or a previously considered application, as applicable, was filed.

(d) in making a finding as to whether relevant scientific evidence was not ascertainable through the exercise of reasonable diligence on or before a specific date, the court shall consider whether the field of scientific knowledge, a testifying expert's scientific knowledge, or a scientific method on which the relevant scientific evidence is based has changed since:

(1) the applicable trial date or dates, for a determination made with respect to an original application; or

(2) the date on which the original application or previously considered application, as applicable, was filed, for a determination made with respect to a sebsequent application.

This court may take JUDICIAL NOTICE of the Legislature's use of word:: **SHALL** in Art. 11.073(d) C.Cr. P. (the court shall consider whether ...). The word SHALL is defined as "the language of command". Alabama v. Bozeman, 533 U.S. 146, 153 (2001), and is generally imperative or mandatory in its meaning. See, e.g., Section 311.016(2) Texas Government Code Ann. (Vernon 2015). This is what causes the statute to become a "ministerial" duty to act.

2 a. Just recently, in the case of Ex parte Pruett, 458 S.W.3d 537 (Tex.Crim. App. 2015) Judge Alcala filed dissenting statement which addressed a misunderstanding this Court was having with regards to the Whom "the court" was required to make such findings under Art. 11.073(b),(c) and (d) C. Cr. P. See, Id. at 541-542. With all due respect, the Relator would respectfully point to this Court's well established (55 years) holding under Ex parte Rodriguez, 169 Tex. Crim. 367, 334 S.W.2d 294, (1960) where this Court continues to hold that "the trial court is the appropriate forum for fact finding." According to art. 11.073(b)(1)(A) and (B) it would require the trial court to gather together such facts in order to make such a determination to then make its findings of fact under (b)(2). With regard to Art. 11.073(b)(1)(A), that would require Relator's former defense attorney to file an affidavit or give live testimony in record explaining whether or not such had been available, and if so, why they chose not to offer it at trial. Moreso, as is the instant case, because Relator raised the claim of his former defense counsel's ineffective assistance for failing to have done such. With regard to art. 11.073(c) C. Cr. P., that would have required the trial court to have made a finding that Art. 11.07, § 4(a)(1) C. Cr. P. was met due to the new law under Art. 11.073 C. cr. P. See, e.g., Ex parte Robbins, WR-73, 484-02; 2014 WL 6751684; 2014 Tex. Crim. App. LEXIS 1900 (November 2014). Finally, Art. 11.073(d) C. Cr. P., also requires the trial court to make a finding through the exercise of reasonable diligence, whether the science had changed, which

would also have required affidavit or live trial testimony coming from Relator's newly available experts, former defense counsel and the former prosecutor. None of these required factual findings were completed, nor remotely mentioned by the Respondent inside APPENDIX - (A) attachered heretowith.

3a. The Texas Constitution declares that "the writ of habeas corpus is a writ of right, and shall never be suspended ." TEX. CONST., Art. 1, § 12. The Texas Constitution mandates that the Legislature "shall enact laws to render the remedy speedy and effectual." Id. Accordingly, the Legislature codified procedures for filing applications for writ of habeas corpus. See, TEX. CODE CRIM. PROC. arts. 11.07 (procedures for applications in non-death cases); 11.073 (procedures related to certain scientific evidence). For an indigent inmate wishing to pursue an application for a writ of habeas corpus in a non-death case under arts 11.07 and 11.073, as here, ordinaryly the burden falls solely on him, without appointed counsel, to initially file his application. An applicant will usually get only one bite at the habeas-corpus apple because Section 4 in part. 11,07 precludes a court from considering the merits of or granting refief based on a subsequent application unless the application contains sufficient specific facts establishing one of the two limited exceptions to the one-bite rule. See, TEX. CODE CRIM. PROC. art. 11.07, § 4. Herein, the Retalor's application met this burden, which was ignored by the State and respondent. See, APPENDIX - (A)

(B) - **MANDAMUS AND MINISTERIAL-ACT REQUIREMENT:**

1b. To be entitled to mandamus relief, the Relator must show two things: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. See, In re State ex rel. Weeks, 391 S.W.3d 117, 122 (Tex.Crim.App. 2013). With respect to the "no adequate remedy at law" requirement, this Court has held that a remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, incovenient, inappropriate, or

ineffective" as to be inadequate. See, Greenwell v. Court of Appeals for the Thirteenth Judicial Dist., 159 S.W.3d 645, 648-49 (Tex.crim.app. 2005); see also In re State ex rel. Tharp, 393 S.W.3d. 731 (Tex.Crim.App. 2012)(same).

2b. The ministerial-act requirement is satisified if the Relator can show a clear right to relief sought. See, Bowen v. Cames, 343 S.W.3d 805, 810 (Tex.Crim.App. 2011). A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." Id. Although this Court has sometimes suggested that a legal issues status as one of first impression meant that the law was not well-settled. See, Banales v. Court of Appeals for the Thirteenth Judicial Dist., 93 S.W.3d 33, 36 (Tex.Crim.App. 2002); State ex rel. Hill v. Court of Appeals for the Fifth Dist., 67 S.W.3d 177, 181 (Tex.Crim. App. 2011); at least two cases - State v. Patrick, 86 S.W.3d 592 (Tex.Crim.App. 2002) and State ex rel. Rosenthal, 98 S.W.3d 194 (Tex.Crim.App. 2003) - contain dissents that were predicated at least in part upon the fact that the issue was on of first impression. See also, In re Bonilla, 424 S.W.3d 528, 533-34 (Tex.Crim.App. 2014)(The issue before us is one of first impression). One lesson from these cases is that an issue of first impression can sometimes qualify for mandamus relief when the factual scenario has never been precisely addressed  but the principle of law has been clearly established. Herein, the Relator has made this prerequisite showing before this most Honorable Court.

(C) - **CONCLUSION**

Inseide APPENDIX - (A) at Pages 3-4 under CONCLUSIONS OF LAW, the Respondent did a fancy "Texas Two-Step" dance typing out art. 11.07, § 4(a)(2012), which omitted any mention of the new law brought under art. 11.073 (2015). As this Court has already ruled in Ex parte Robbins, supra, the new Art. 11.073 C. Cr. P. is considered to be "New Law" under Art. 11.07, § 4(a)(1) C. Cr. P. Then, the Respondent makes a vague mentioning of Relator's newly available pro bono

experts, and their proffered sworn reports at Section 4, Page 4 APPENDIX - (A), but then makes [a]bsolutely no findings whether or not they adhere to Art. 11.073 (b), (c) or (d) C. Cr. Pr. Indeed, those reports need not have made "an affirmative showing of actual innocence" but simply show that the field of scientific knowledge, or a scientific method had changed since Relators trial, or the date on which the original application or a previously considered application was filed and determined. Inside the Court's opinion in <u>Robbins</u>, it explicitly held that when the Texas Legislature enacted Art. 11.073 C. Cr. P., it chose accuracy over finality. Id. 2014 tex. crim. app. LEXIS 1900 at *68. APPENDIX - (A) ignored this court's learned reading of art. 11.073 C. Cr. P., and its Legislatures intent. For it has once again chosen finality over accuracy. It simply ignored the vast newly available evidence and discovered material, eculpatory, and impeaching evidence the Relator filed before it. It allowed the state prosecutor to file an answer which ignored the same and attempts to mislead this Court by making known false statements, then typed it up for Respondent's signature, APPENDIX - (A) which followed the same error. [1] Had the respondent truely reviewed the relator's subsequent application for writ of habeas corpus, it would have seen the evidence, the prosecutors false statements and references to Art. 11.073 C. Cr. P., see APPENDIX - (B) Page 4 section (C). it would then become aware of its required ministerial duties under art. 11.073 C. Cr. P. Due to these omissions, the Relator is being denied access to The Great Writ under TEX. CONST. art. 1, § 12. Mandamus relief is appropriate in this case of first impression.

---

[1] > As a matter of further first impression, Relator also contends that having a State Prosecutor whose office prosecuted such applicant, then have the authority to write out ANSWERS and the convicting court's FINDINGS OF FACTS, CONCLUSIONS OF LAW, RECOM- MENDATION AND ORDER for signature raises a clear conflict of interest; moreso, when Brady errors, Fraud or Concealment is charged against them or their office. See, e.g., Rule 15.06(C) and (D) in the Texas State Bar Rules of disciplinary Procedure, last amended in 2013. While their primary duties fall under Art. 2.01 c. Cr. P., to admit the truth, that they wrongfully convicted someone due to Brady errors, or Fraud and

Concealment, would then allow for the wrongfully Imprisoned Person's release from prison and the start of the four year limitations to seek State Bar Grievance against those guilty of such misconduct. How does such conflict help achieve "accuracy" over finality?

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Relator humbly prays that this most Honorable Court would:

(A)> ORDER the Respondent to file response under Tex. R. App. P. 52.4;

(B)> GRANT requested mandamus relief under Tex. R. App. P. 52.8(c) and

(C)> ISSUE PUBLISHED OPINION AND ORDER to the Respondent that it shall conduct appropriate hearings and therefore enter required findings under Art. 11.073(b),(c) and (d) C. Cr. P. (2015); which shall then be returned with the established record under Art. 11.07, § 3(d) C. Cr. P.

IT IS SO PRAYED.

Signed on this 16th day of September, 2015.

RESPECTFULLY SUBMITTED,

Relator, Pro Se
Valentin Moreno, Jr., #788216
French M. Robertson Unit
12071 FM 3522
Abilene, Texas 79601

## VII.
## VERIFICATION

I, Valentin Moreno, Jr., being incarcerated in the French M. Robertson Unit of the TDCJ-CID System, in Jones County, Texas; do hereby verify and declare under the penalty of perjury that all statements and attached APPENDIXES in this PETITION are true and correct.

Signed and executed on this _16th_ day of _September_, 2015.

Respectfully Submitted,

_Valentin Moreno Jr._

Relator, Pro Se.
Valentin Moreno, Jr.
788216, Robertson Unit
12071 FM 3522
Abilene, Texas 79601

## VIII.
## CERTIFICATE OF SERVICE

I, do hereby certify, that the original copy of applicant's Writ of Mandamus was sent by certify mail to the Clerk of the Court of Criminal Appeals, with original copies sent to the Responsent and Counsel for respondent, all sent via U.S. Mail.

Sigened and executed on this _16th_ day of _September_, 2015.

_Valentin Moreno Jr._

A P P E N D I X - A

FILED

AT 425 O'CLOCK P M

JUL - 8 2015

LAURA HINOJOSA CLERK
District Courts, Hidalgo County

By_____ Deputy#44

Cause No. CR-0517-96-F(3)

| | | |
|---|---|---|
| Ex parte | § | In the District Court |
| | § | District Courts, Hidalgo County |
| Valentin Moreno, Jr., | § | 332nd Judicial District |
| | § | |
| Applicant | § | Hidalgo County, Texas |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER

Having considered the application for Writ of Habeas Corpus, the State's response, and the Court's files in the above-numbered cause, including records of the underlying criminal case, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On March 3, 1996, Applicant convicted by a jury of the offense of capital murder and was sentenced to life imprisonment in the institutional Division of the Texas Department of Criminal Justice.

2. On August 31, 1999, the Court of Appeals for the Thirteenth Judicial District affirmed Applicant's judgment and sentence for capital murder.

3. On March 5, 2001, Applicant filed his first application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, alleging: (1) lack of jurisdiction; (2) the trial court vio9lated his right to due process by proceeding to trial with eleven jurors; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; (5) prosecutorial misconduct; and (6) actual innocence.

10. This Court must determine whether or not there are controverted, previously unresolved facts, material to the legality of Applicant's confinement no later than July 26, 2015. *See id.* § 3(c).

## CONCLUSIONS OF LAW

1. If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing: that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt. TEX. CODE CRIM. PROC. art. 11.07 § 4(a) (2012).

2. Applicant's subsequent writ application fails to set forth sufficient facts establishing that an exception exists to the prohibition against subsequent writs in section 4, article 11.07 of the Texas Code of Criminal Procedure; therefore, this Court may not consider the merits of or grant relief based on the subsequent habeas application.

3.

response and all supplements and amendments thereto; and this Findings of Facts, Conclusions of Law, Recommendation and Order; and to send the foregoing to the Texas Court of Criminal Appeals.

The Clerk is further ORDERED to provide copies of this Order to Applicant and the State.

SIGNED FOR ENTRY this _____ day of _____, 2015.

_____
Judge Mario E. Ramirez, Jr.
332nd District Court
Hidalgo County, Texas

A P P E N D I X - B

Case No. _____

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

**NAME:** VALENTIN MORENO, JR.

**DATE OF BIRTH:** July 19, 1976

**PLACE OF CONFINEMENT:** FRENCH M. ROBERTSON UNIT

**TDCJ-CID NUMBER:** 788216     **SID NUMBER:** _____

(1) This application concerns (check all that apply):

&#9746;   a conviction                   &#9744;   parole

&#9744;   a sentence                    &#9744;   mandatory supervision

&#9744;   time credit                   &#9744;   out-of-time appeal or petition for
                                           discretionary review

(2) **What district court entered the judgment of the conviction you want relief from?**
(Include the court number and county.)

332ND District Court, Hidalgo County

(3) **What was the case number in the trial court?**

CR-0517-96-F

(4) **What was the name of the trial judge?**

Mario E. Ramirez, Jr.

(5)     Were you represented by counsel? If yes, provide the attorney's name:

Richard B. Gould and Norman McInnis

(6)     What was the date that the judgment was entered?

March 31, 1997

(7)     For what offense were you convicted and what was the sentence?

Capital Murder - Life, Attempted Capital Murder - Life

(8)     If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

County One - Life, Count Two - Life

(9)     What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☒ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

(10)    What kind of trial did you have?

☐ no jury                  ☒ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11)  Did you testify at trial?  If yes, at what phase of the trial did you testify?

No.

(12)  Did you appeal from the judgment of conviction?

☒ yes          ☐ no

If you did appeal, answer the following questions:

(A)  What court of appeals did you appeal to?    13th Court of Appeals

(B)  What was the case number?    13-97-335-CR and 13-97-336-CR

(C)  Were you represented by counsel on appeal? If yes, provide the attorney's name:
     Mark Alexander

(D)  What was the decision and the date of the decision? Affirmed, vacated 8-31-99

(13)  Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes          ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A)  What was the case number?   N/A, March 5, 2000.

(B)  What was the decision and the date of the decision?   Refused.

(14)  Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☒ yes          ☐ no

If you answered yes, answer the following questions:

(A)  What was the Court of Criminal Appeals' writ number? WR-49-474-02

3

(B) What was the decision and the date of the decision? Denied Without Written Order

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

Scientific evidence was not available to applicant. Experts became

available with the last year. Witness recantation had not occurred.

Evidence is newly discovered and newly obtained. Legislation had

not passed Tex. Code of Crim. Prod. art. 11.073.

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☐ no

If you answered yes, please provide the name of the court and the case number:

_____

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☐ no

If you answered yes, answer the following questions:

(A) What date did you present the claim?  _____

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| Ex parte | § | |
|---|---|---|
| Valentin moreno, Jr. | § | Court of Criminal Appeals |
| Applicant | § | cause No._____ |

## DECLARATION OF INABILITY TO PAY COURT COSTS

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

Comes Now, Valentin Moreno, Jr. "Applicant", Pro Se and respectfully files this his DECLARATION OF INABILITY TO PAY COURT COSTS. In support of the foregoing, Applicant would show:

### I.

Applicant is "indigent" and has no means to pay court costs. The 332nd Judicial District Court has found Applicant to be indigent.

### II.

Attached hereto, is a copy of Applicant's inmate trust fund account. This shows applicant is a poor man.

### III.

I, Valentin Moreno, Jr., understand a false statement herein this declaration will subject me to penalities for perjury. I verify under the penalty of perjury that the foregoing is true and correct.

Signed this 16th day of September, 2015.

Valentin Moreno, Jr., #788216
French M. Robertson Unit
12071 FM 3522
Abilene, Texas 79601

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| | | |
|---|---|---|
| Ex parte | § | |
| | | COURT OF CRIMINAL APPEALS |
| VALENTIN MORENO, JR. | § | Cause No._____ |
| Applicant | § | |

## <u>MOTION TO SUSPEND TEX. R. APP. P. 9.3 - PURSUANT TO TEX. R. APP. P. 2</u>

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Valentin Moreno, Jr., "Applicant", Pro Se and respectfully files this his MOTION TO SUSPEND TEX. R. APP. P. RULE 9.3 - PURSUANT TO TEX. R. APP. P. RULE 2; and would further show this most Honorable Court the following:

### I.

This most Honorable Court has jurisdiction over the parties and subject-matter pursuant to TEX. R. APP. P. 52.

### II.

TEX. R. APP. P. 9.3 requires that Applicant file the Original, and Eleven (11) copies of his Pro Se Motion to Suspend into this court. The applicant is proceeding in forma pauperis and has limited assistance from the freeword. The required number of copies, on top of serving the listed parties in interest would cause a server hardship on Applicant. TEX. R. APP. P. Rule 2, allows this Honorable Court, for good cause shown, to suspend TEX. R. APP. P. 9.3 and allow for a leser number of copies to be filed.

### III.

The Applicant makes this motion in good faith and not for purpose to harass Respondent or this most honorable Court.

Page 1 [MTS]

## IV.

WHEREFORE, PREMISES CONSIDERED, the Applicant respectfully prays this most Honorable Court would GRANT this motion; thereinafter SUSPENDING the required number of copies under TEX. R. APP. P. 9.3 and, allow Applicant to file only the Original plus one (1) copy of his Pro Se Writ of Mandamus.

Signed and executed on this /6th day of September , 2015.

Respectfully Submitted,

Applicant, Pro se
Valentin Moreno, Jr.
788216, Robertson Unit
12071 FM. 3522
Abilene, Texas 79601

**V.**
**VERIFICATION**

I, Valentin Moreno, Jr., being incarcerated at the French M. Robertson Unit, in Jones County, texas; do hereby verify and declare under penalty of perjury that the foregoing Motion and statements made therein, are all true and correct and made in good faith.

Signed and executed on this 16th day of September, 2015.

Respectfully Submitted,

Valentin Moreno
Applicant, Pro Se
Valentin Moreno, Jr.

**VI.**
**CERTIFICATE OF SERVICE**

I, hereby certify that the ORIGINAL copy of applicant's Motion to Suspend Tex. R. App. P. 9.3 – Pursuant to Tex. R. App. P. 2, was sent by certified mail to the Clerk of the Court of Criminal Appeals, with copies sent to the judge Mario E. Ramirez, Jr. and counsel for the judge. All was sent via U.S. Mail.

Signed and executed on this 16th day of September, 2015.

Valentin Moreno
Applicant, Pro Se
Valentin Moreno, Jr.

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| | | |
|---|---|---|
| Ex parte | § | |
| Valentin Moreno, Jr. | § | Court of Criminal Appeals |
| Applicant | § | Cause No._____ |

### APPLICANT'S MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

Comes Now, Valentin Moreno, Jr., "Applicant", Pro Se and respectfully files this his MOTION FOR LEAVE TO FILE WRIT OF MANDAMUS. As good cause, applicant would show the following:

#### I.
#### JURISDICTION

The Texas Constitution grants this most Honorable court such original jurisdiction as may be provided by law in writ of mandamus action. See, Vernon's ann. Texas Const., Article 5, § 5.

#### II.
#### MANDAMUS ISSUE

THE RESPONDENT HAS ABUSED ITS DISCRETIONARY POWERS BY FAILING TO PREFORM A MANDATORY MINISTERIAL ACT IN FAILING TO ENTER EXPLICIT FINDINGS OF ACTS UNDER ARTICLE 11.073 (b), (c) AND (d) C. Cr. P.

#### PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicant prays this most Honorable Court GRANTS this motion for leave, in the interest of justice.

Signed and executed on this _16th_ day of _September_, 2015.

Respectfully Submitted,

_Valentin Moreno Jr_
Valentin Moreno, Jr.
788216, Robertson Unit
12071 FM. 3522
Abilene, Texas 79601

## VERIFICATION

I, Valentin Moreno, Jr., being incarcerated in the French M. Robertson of the TDCJ-CID System, in Jones County, Texas; do hereby verify and declare under the penalty of perjury that all statements in this motion are true and correct.

Signed and executed on this _16th_ day of _September_, 2015.

Respectfully Submitted,

_Valentin Moreno Jr_
Valentin Moreno, Jr.


## CERTIFICATE OF SERVICE

I, do hereby certify, that the original copy of Applicant's Motion for Leave to File Writ of Mandamus was sent by certified mail to the Clerk of the Court of Criminal Appeals, with copies sent to Respondent and Respondent's Counsel.

signed and executed on this _16th_ day of _September_, 2015.

_Valentin Moreno Jr_
Valentin Moreno, Jr.

Writ No. _____

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

TEX. R. APP. P. 52

==========================================================================

IN RE

VALENTIN MORENO, JR.

RELATOR, PRO SE.

==========================================================================

ON ORIGINAL PETITION FOR A WRIT OF MANDAMUS

FROM RESPONDENT'S INCOMPLETE F.F.C.L.

DATED: JULY 20, 2015

FROM THE 332nd JUDICIAL DISTRICT COURT

IN HIDALGO COUNTY, TEXAS;

THE HONORABLE MARIO E. RAMIREZ, JR.,

PRESIDING JUDGE

==========================================================================

RELATOR'S ORIGINAL PETITION FOR A WRIT OF MANDAMUS

==========================================================================

ORAL ARGUMENT: REQUESTED

Relator, Pro Se.
Valentin Moreno, Jr.
TDCJ-CID #788216
French M. Robertson Unit
12071 FM 3522
Abilene, Texas 79601
(325) 548-9035

# LIST OF PARTIES

=============================================================================

**RELATOR, PRO SE.**

Valentin Moreno, Jr.
TDCJ-CID #788216
French M. Robertson Unit
12071 FM 3522
Abilene, Texas 79601


**RESPONDENT**

Hon. Judge Mario E. Ramirez, Jr.
332nd Judicial District Court
Hidalgo County Courthouse
100 N. Closner
Edinburg, Texas 78539


**COUNSEL FOR RESPONDENT**

Hon. Ricardo Rodriguez, Jr.
Criminal District Attorney
Hidalgo County courthouse
100 N. Closner
Endinburg, Texas 78539

# TABLE OF CONTENTS

```
================================================================
```

SUBJECT                                                    PAGE[S]

```
================================================================
```

LIST OF PARTIES AND COUNSEL .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. i
TABLE OF CONTENTS .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ii
INDEX OF AUTHORITIES .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. iii

   I.      STATEMENT OF THE CASE .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 1
   II.     STATEMENT OF JURSIDICTION .. .. .. .. .. .. .. .. .. .. .. 1 --2
   III.    ISSUE PRESENTED FOR RELIEF .. .. .. .. .. .. .. .. .. .. .. .. .. 2

(A)>  THE RESPONDENT HAS ABUSED ITS DISCRETIONARY POWERS BY FAILING TO
      PREFORM A MANDATORY MINISTERIAL ACT IN FAILING TO ENTER EXPLICIT
      FINDINGS OF FACTS UNDER ARTICLE 11.073 (b), (c) AND (d) C. Cr. P.

   IV.     STATEMENT OF FACTS .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 2
   V.      ARGUMENT AND AUTHORITIES .. .. .. .. .. .. .. .. .. .. .. . 2 - 5

      (A)- THE LAW .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 2 - 5
      (B)- MANDAMUS AND MINISTERIAL DUTIES .. .. .. .. .. .. .. .. .. 5 - 6
      (C)- CONCLUSION .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 6 - 8

   VI.     PRAYER .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 8
   VII.    VERIFICATION .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. . 9
   VIII.   CERTIFICATE OF SERVICE .. .. .. .. .. .. .. .. .. .. .. .. .. 9

```
================================================================
```

**APPENDIX SECTION IN SUPPORT:**

**APPENDIX – A:**   JUDGE MARIO E. RAMIREZ, JR.'S; FINDING OF FACTS, CONCLUSIONS OF
                    LAW, RECOMMENDATION AND ORDER

**APPENDIX – B:**   PAGES 1 – 4 OF APPLICATION FOR WRIT OF HABEAS CORPUS; WHEREIN
                    PAGE 4 INVOKES ARTICLE 11.073 CODE OF CRIM PROC.

## INDEX OF AUTHORITIES

=============================================================================

**SUBJECT**                                                          **PAGE[S]**

=============================================================================

**CASE LAW:**

Alabama v. Bozeman, 533 U.S. 146 (2001) .. .. .. .. .. .. .. .. .. .. .. .. . 4
Banales v. Court of Appeals fot the Thriteenth Judicial Dist., 93 S.W.3d 33 (TCCA 2002) .. .6
Bowen v. Carnes, 343 S.W.3d 805 (TCCA 2011) .. .. .. .. .. .. .. .. .. .. .. .. .. 6
Boykin v. State, 818 S.W.2d 782 (TCCA 1991) .. .. .. .. .. .. .. .. .. .. .. ... .. 3
Greenwell v. Court of Appeals for the Thriteenth Judicial Dist., 159 S.W.3d 645 (TCCA 2005) .. 6
Ex parte Pruett, 458 S.W.3d 537 (TCCA 2015) .. .. .. .. .. .. .. .. .. .. .. .. .. 4
Ex parte Robbins, 2014 Tex. crim. App. LEXIS 1900 (TCCA 2014) .. .. .. .. .. .. .. . 4,6,7
Ex parte Rodriguez, 169 334 S.W. 2d 294 (TCCA 1960) .. .. .. .. .. .. .. .. .. .. .. 4
In re Bonilla, 424 S.W.3d 528 (TCCA 2014) .. .. .. .. .. .. .. .. .. .. .. .. 6
In re State ex rel. Weeks, 391 S.W.3d 117 (TCCA 2013) .. .. .. .. .. .. .. .. .. .. 2,5
In re state ex rel. Tharp, 393 S.W.3d 731 (TCCA 2012) .. .. .. .. .. .. .. .. .. .. 6
Moreno v State, 1 S.W.3d 846 (Tex. App. Corpus Christi 1999) .. .. .. .. .. .. .. .. . 1
State ex rel. Hill v. Court of Appeals for the Fifth Judicial Dist., .. .. .. .. .. .. . 6
State v. Patrick, 86 S.W.3d 592 (TCCA 2002) .. .. .. .. .. .. .. .. .. .. .. .. .. 6
State ex rel. Rosenthal, 98 S.W.3d 194 (TCCA 2002) .. .. .. .. .. .. .. .. .. .. .. 6

**STATUS — CODES — RULES:**

Tex. Code Crim. Proc. Chapter 2.01                                    7
Tex. Code Crim. proc. Chapter 11.07                        1,2,3,4,5,6,8
Tex. Code Crim. Proc. Chapter 11.073                     1,2,3,4,5,6,7,8
Tex. Gov't Code § 311.016(2)                                         4
Tex. R. App. P. 52                                                   1
Tex. R. App. P. 52.4                                                 8
Tex. R. App. P. 52.8                                                 8
Tex. State Bar R. Discp. P. 15.06                                    7

=============================================================================

**CONSTITUTIONAL LAW:**

Tex. Const. art. I, § 12 .. .. .. .. .. .. .. .. .. .. .. 5
Tex. Const. art. V, § 5 .. .. .. .. .. .. .. .. .. .. .. 1

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

IN RE                                  §

VALENTIN MORENO, JR.                   §          CCA Case No. _____

RELATOR                                §

## PETITION FOR A WRIT OF MANDAMUS

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Valentin Moreno, Jr., "Relator", Pro Se and respectfully files his Petition For A Writ of Mandamus - pursuant to Tex. R. App. P. 52; and, would further show the Court in support:

### I.
### STATEMENT OF THE CASE

The STATEMENT OF FACTS in this case are presented within the published opinion in Moreno v. State, 1 S.W.3d 846, 852 (Tex. App. - Corpus Christi 1999, pet. ref'd). On June 15, 2015, Relator filed subsequent habeas corpus application under article 11.07 of the Code of Criminal Procedure alleging: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; (3) cumulative error; (4) actual innocence. Relator also filed under newly enacted article 11.073 C. Cr. P. Ann. (Vernon 2015). The State was served with same on June 23, 2015. The State's answer was filed on Jule 8, 2015. Respondent "Trial Court" signed and entered prepared FINDINGS OF FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER (without a hearing) on July 20, 2015. See attached: APPENDIX - (A).

### II.
### STATEMENT OF JURSIDICTION

The Texas Constitution grants this most Honorable Court such original jurisdiction as may be provided by law in writ of mandamus actions. See, Vernon's Ann. Texas Constitution, Article 5, § 5. Mandamus is appropriate to compel the

performance of a judicial duty, particulary where the duty is ministerial. See, In re State ex rel. Weeks, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013).

## III.
## ISSUE PRESENTED FOR RELIEF

THE RESPONDENT HAS ABUSED ITS DISCRETIONARY POWERS BY FAILING TO PREFORM A MANDATORY MINISTERIAL ACT IN FAILING TO ENTER EXPLICIT FINDINGS OF FACTS UNDER ARTICLE 11.073 (b), (c) AND (d) C. Cr. P.

## IV.
## STATEMENT OF FACTS

On June 15, 2015, the Relator properly filed subsequent application for a writ of habeas corpus under article 11.07 C. Cr. P. and 11.073 C. Cr. P. (vernon 2015). After the State prosecutor was served with the application on June 23, 2015, it made no efforts to retrieve any additional evidence to be filed into the record. When the State filed it response on July 8, 2015, it also filed proposed FINDINGS OF FACTS, CONCLUSION OF LAW, RECOMMENDATION AND ORDER to Respondent. See, attached APPENDIX - (A). In none of the State's pleadings did it ever cite to, mention, or reach the required fact findings under Article 11.073 (b), (c) and (d) C. Cr. P. Respondent requested no affidavits from trial counsel, police, prosecutors, experts, or witnesses. No hearing was conducted to expand this record. Instead, on July 20, 2015, Respondent merely signed and dated APPENDIX - (A). The Relator filed OBJECTIONS to each of the blatant omissions; plus has filed separate motion before this Court seeking an order to abate and remand this cause back to the Respondent so as to perform these ministerial duties. However, at this time, Relator has been informed that the record and current application has not been filed in this Court. See, APPENDIX - (B). In the interest of justice Relator files this action seeking order for Respondent's performance to these ministerial duties.

## V.
## ARGUMENT AND AUTHORITIES

(A) - THE LAW:

a. This Court construes a statute in accordance with the plain meaning of its text unless the plain meaning leads to absurd results that the legislature could not have possibly intended. See, Boykin v. State, 818 S.2d 782, 785 (Tex. Crim.App. 1991). Article 11.073 in the Texas Code of Criminal Procedure requires, in pertinent part:

(a) This article applies to relevant scientific evidence that:

(1) was not available to be offered by a convicted person at the convicted person's trial; or

(2) contradicts scientific evidence relied on by the State at trial.

(b) A court may grant a convicted person relief on an application for a writ of habeas corpus if:

(1) the convicted person filed an application, in the manner provided by Article 11.07, 11071, or 11.072, contaning specific facts indicating that:

(A) relevant scientific evidence is currently available and was not available at the time of the convicted person's trial because the evidence was not ascertainable through the exercise of reasonable diligence by the convicted person before the date of or during the convicted person's trial; and

(B) the scientific evidence would be admissible under Texas Rules of Evidence at a trial held on the date of the application; and

(2) the court makes the findings described by Subdivisions (1)(A) and (B) and also finds that, had the scientific evidence been presented at trial, on the predonderance of the evidence the person would not have been convicted.

(c) For purpose of Section 4(a)(1), article 11.07, ..., a claim or issue could not have been presented previously in an original application or in a previously considered application if the claim or issue is based on relevant scientific evidence that was not ascertainable through the exercise of reasonable diligence by the convicted person on or before the date on which the original application or a previously considered application, as applicable, was filed.

(d) in making a finding as to whether relevant scientific evidence was not ascertainable through the exercise of reasonable diligence on or before a specific date, the court shall consider whether the field of scientific knowledge, a testifying expert's scientific knowledge, or a scientific method on which the relevant scientific evidence is based has changed since:

(1) the applicable trial date or dates, for a determination made with respect to an original application; or

(2) the date on which the original application or previously considered application, as applicable, was filed, for a determination made with respect to a sebsequent application.

This court may take JUDICIAL NOTICE of the Legislature's use of word: SHALL in Art. 11.073(d) C.Cr. P. (the court shall consider whether ...). The word SHALL is defined as "the language of command". Alabama v. Bozeman, 533 U.S. 146, 153 (2001), and is generally imperative or mandatory in its meaning. See, e.g., Section 311.016(2) Texas Government Code Ann. (Vernon 2015). This is what causes the statute to become a "ministerial" duty to act.

2 a. Just recently, in the case of Ex parte Pruett, 458 S.W.3d 537 (Tex.Crim. App. 2015) Judge Alcala filed dissenting statement which addressed a misunderstanding this Court was having with regards to the Whom "the court" was required to make such findings under Art. 11.073(b),(c) and (d) C. Cr. P. See, Id. at 541-542. With all due respect, the Relator would respectfully point to this Court's well established (55 years) holding under Ex parte Rodriguez, 169 Tex. Crim. 367, 334 S.W.2d 294, (1960) where this Court continues to hold that "the trial court is the appropriate forum for fact finding." According to art. 11.073(b)(1)(A) and (B) it would require the trial court to gather together such facts in order to make such a determination to then make its findings of fact under (b)(2). With regard to Art. 11.073(b)(1)(A), that would require Relator's former defense attorney to file an affidavit or give live testimony in record explaining whether or not such had been available, and if so, why they chose not to offer it at trial. Moreso, as is the instant case, because Relator raised the claim of his former defense counsel's ineffective assistance for failing to have done such. With regard to art. 11.073(c) C. Cr. P., that would have required the trial court to have made a finding that Art. 11.07, § 4(a)(1) C. Cr. P. was met due to the new law under Art. 11.073 C. cr. P. See, e.g., Ex parte Robbins, WR-73, 484-02; 2014 WL 6751684; 2014 Tex. Crim. App. LEXIS 1900 (November 2014). Finally, Art. 11.073(d) C. Cr. P., also requires the trial court to make a finding through the exercise of reasonable diligence, whether the science had changed, which

would also have required affidavit or live trial testimony coming from Relator's newly available experts, former defense counsel and the former prosecutor. None of these required factual findings were completed, nor remotely mentioned by the Respondent inside APPENDIX – (A) attachered heretowith.

3a. The Texas Constitution declares that "the writ of habeas corpus is a writ of right, and shall never be suspended ." TEX. CONST., Art. 1, § 12. The Texas Constitution mandates that the Legislature "shall enact laws to render the remedy speedy and effectual." Id. Accordingly, the Legislature codified procedures for filing applications for writ of habeas corpus. See, TEX. CODE CRIM. PROC. arts. 11.07 (procedures for applications in non-death cases); 11.073 (procedures related to certain scientific evidence). For an indigent inmate wishing to pursue an application for a writ of habeas corpus in a non-death case under arts 11.07 and 11073, as here, ordinaryly the burden falls solely on him, without appointed counsel, to initially file his application. An applicant will usually get only one bite at the habeas-corpus apple because Section 4 in part. 11,07 precludes a court from considering the merits of or granting refief based on a subsequent application unless the application contains sufficient specific facts establishing one of the two limited exceptions to the one-bite rule. See, TEX. CODE CRIM. PROC. art. 11.07, § 4. Herein, the Retalor's application met this burden, which was ignored by the State and respondent. See, APPENDIX – (A)

(B) – **MANDAMUS AND MINISTERIAL-ACT REQUIREMENT:**

1b. To be entitled to mandamus relief, the Relator must show two things: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. See, In re State ex rel. Weeks, 391 S.W.3d 117, 122 (Tex.Crim.App. 2013). With respect to the "no adequate remedy at law" requirement, this Court has held that a remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, incovenient, inappropriate, or

ineffective" as to be inadequate. See, Greenwell v. Court of Appeals for the Thirteenth Judicial Dist., 159 S.W.3d 645, 648-49 (Tex.crim.app. 2005); see also In re State ex rel. Tharp, 393 S.W.3d. 731 (Tex.Crim.App. 2012)(same).

2b. The ministerial-act requirement is satisified if the Relator can show a clear right to relief sought. See, Bowen v. Carnes, 343 S.W.3d 805, 810 (Tex.Crim.App. 2011). A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." Id. Although this Court has sometimes suggested that a legal issues status as one of first impression meant that the law was not well-settled. See, Banales v. Court of Appeals for the Thirteenth Judicial Dist., 93 S.W.3d 33, 36 (Tex.Crim.App. 2002); State ex rel. Hill v. Court of Appeals for the Fifth Dist., 67 S.W.3d 177, 181 (Tex.Crim. App. 2011); at least two cases - State v. Patrick, 86 S.W.3d 592 (Tex.Crim.App. 2002) and State ex rel. Rosenthal, 98 S.W.3d 194 (Tex.Crim.App. 2003) - contain dissents that were predicated at least in part upon the fact that the issue was on of first impression. See also, In re Bonilla, 424 S.W.3d 528, 533-34 (Tex.Crim.App. 2014)(The issue before us is one of first impression). One lesson from these cases is that an issue of first impression can sometimes qualify for mandamus relief when the factual scenario has never been precisely addressed  but the principle of law has been clearly established. Herein, the Relator has made this prerequisite showing before this most Honorable Court.

(C) - **CONCLUSION**

Inseide APPENDIX - (A) at Pages 3-4 under CONCLUSIONS OF LAW, the Respondent did a fancy "Texas Two-Step" dance typing out art. 11.07, § 4(a)(2012), which omitted any mention of the new law brought under art. 11.073 (2015). As this Court has already ruled in Ex parte Robbins, supra, the new Art. 11.073 C. Cr. P. is considered to be "New Law" under Art. 11.07, § 4(a)(1) C. Cr. P. Then, the Respondent makes a vague mentioning of Relator's newly available pro bono

experts, and their proffered sworn reports at Section 4, Page 4 APPENDIX - (A), but then makes [a]bsolutely no findings whether or not they adhere to Art. 11.073 (b), (c) or (d) C. Cr. Pr. Indeed, those reports need not have made "an affirmative showing of actual innocence" but simply show that the field of scientific knowledge, or a scientific method had changed since Relators trial, or the date on which the original application or a previously considered application was filed and determined. Inside the Court's opinion in <u>Robbins</u>, it explicitly held that when the Texas Legislature enacted Art. 11.073 C. Cr. P., it chose accuracy over finality. Id. 2014 tex. crim. app. LEXIS 1900 at *68. APPENDIX - (A) ignored this court's learned reading of art. 11.073 C. Cr. P., and its Legislatures intent. For it has once again chosen finality over accuracy. It simply ignored the vast newly available evidence and discovered material, eculpatory, and impeaching evidence the Relator filed before it. It allowed the state prosecutor to file an answer which ignored the same and attempts to mislead this Court by making known false statements, then typed it up for Respondent's signature, APPENDIX - (A) which followed the same error. [1] Had the respondent truely reviewed the relator's subsequent application for writ of habeas corpus, it would have seen the evidence, the prosecutors false statements and references to Art. 11.073 C. Cr. P., see APPENDIX - (B) Page 4 section (C). it would then become aware of its required ministerial duties under art. 11.073 C. Cr. P. Due to these omissions, the Relator is being denied access to The Great Writ under TEX. CONST. art. 1, § 12. Mandamus relief is appropriate in this case of first impression.

---

[1]> As a matter of further first impression, Relator also contends that having a State Prosecutor whose office prosecuted such applicant, then have the authority to write out ANSWERS and the convicting court's FINDINGS OF FACTS, CONCLUSIONS OF LAW, RECOM-MENDATION AND ORDER for signature raises a clear conflict of interest; moreso, when Brady errors, Fraud or Concealment is charged against them or their office. See, e.g., Rule 15.06(C) and (D) in the Texas State Bar Rules of disciplinary Procedure, last amended in 2013. While their primary duties fall under Art. 2.01 c. Cr. P., to admit the truth, that they wrongfully convicted someone due to Brady errors, or Fraud and

Concealment, would then allow for the wrongfully Imprisoned Person's release from prison and the start of the four year limitations to seek State Bar Grievance against those guilty of such misconduct. How does such conflict help achieve "accuracy" over finality?

## VI.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, the Relator humbly prays that this most Honorable Court would:

(A)> ORDER the Respondent to file response under Tex. R. App. P. 52.4;

(B)> GRANT requested mandamus relief under Tex. R. App. P. 52.8(c) and

(C)> ISSUE PUBLISHED OPINION AND ORDER to the Respondent that it shall conduct appropriate hearings and therefore enter required findings under Art. 11.073(b),(c) and (d) C. Cr. P. (2015); which shall then be returned with the established record under Art. 11.07, § 3(d) C. Cr. P.

IT IS SO PRAYED.

Signed on this 16 day of September, 2015.

RESPECTFULLY SUBMITTED,

Relator, Pro Se
Valentin Moreno, Jr., #788216
French M. Robertson Unit
12071 FM 3522
Abilene, Texas 79601

# A P P E N D I X - A

**FILED**

AT 4:25 O'CLOCK P M

JUL - 8 2015

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County

By_____ Deputy#44

Cause No. CR-0517-96-F(3)

| | | |
|---|---|---|
| Ex parte | § | In the District Court |
| | § | |
| Valentin Moreno, Jr., | § | 332nd Judicial District |
| | § | |
| Applicant | § | Hidalgo County, Texas |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER

Having considered the application for Writ of Habeas Corpus, the State's response, and the Court's files in the above-numbered cause, including records of the underlying criminal case, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On March 3, 1996, Applicant convicted by a jury of the offense of capital murder and was sentenced to life imprisonment in the institutional Division of the Texas Department of Criminal Justice.

2. On August 31, 1999, the Court of Appeals for the Thirteenth Judicial District affirmed Applicant's judgment and sentence for capital murder.

3. On March 5, 2001, Applicant filed his first application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, alleging: (1) lack of jurisdiction; (2) the trial court vio9lated his right to due process by proceeding to trial with eleven jurors; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; (5) prosecutorial misconduct; and (6) actual innocence.

10. This Court must determine whether or not there are controverted, previously unresolved facts, material to the legality of Applicant's confinement no later than July 26, 2015. *See id.* § 3(c).

## CONCLUSIONS OF LAW

1. If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing: that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt. TEX. CODE CRIM. PROC. art. 11.07 § 4(a) (2012).

2. Applicant's subsequent writ application fails to set forth sufficient facts establishing that an exception exists to the prohibition against subsequent writs in section 4, article 11.07 of the Texas Code of Criminal Procedure; therefore, this Court may not consider the merits of or grant relief based on the subsequent habeas application.

3

response and all supplements and amendments thereto; and this Findings of Facts, Conclusions of Law, Recommendation and Order; and to send the foregoing to the Texas Court of Criminal Appeals.

The Clerk is further ORDERED to provide copies of this Order to Applicant and the State.

SIGNED FOR ENTRY this ____20____ day of ____July____, 2015.

_____
Judge Mario E. Ramirez, Jr.
332nd District Court
Hidalgo County, Texas

5

A P P E N D I X - B

Case No. _____
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: ___VALENTIN MORENO, JR._____

DATE OF BIRTH: ___July 19, 1976_____

PLACE OF CONFINEMENT: ___FRENCH M. ROBERTSON UNIT_____

TDCJ-CID NUMBER: ___788216_____ SID NUMBER: _____

(1)   This application concerns (check all that apply):

    ☒  a conviction          ☐  parole

    ☐  a sentence           ☐  mandatory supervision

    ☐  time credit          ☐  out-of-time appeal or petition for discretionary review

(2)   **What district court entered the judgment of the conviction you want relief from?**
(Include the court number and county.)

    332ND District Court, Hidalgo County

(3)   **What was the case number in the trial court?**

    CR-0517-96-F

(4)   **What was the name of the trial judge?**

    Mario E. Ramirez, Jr.

Rev. 01/14/14

(5)  Were you represented by counsel? If yes, provide the attorney's name:

Richard B. Gould and Norman McInnis

(6)  What was the date that the judgment was entered?

March 31, 1997

(7)  For what offense were you convicted and what was the sentence?

Capital Murder - Life, Attempted Capital Murder - Life

(8)  If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

County One - Life, Count Two - Life

(9)  What was the plea you entered? (Check one.)

☐ guilty-open plea            ☐ guilty-plea bargain
☒ not guilty                 ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

(10)  What kind of trial did you have?

☐ no jury                    ☒ jury for guilt and punishment
                             ☐ jury for guilt, judge for punishment

2

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

No.

(12) Did you appeal from the judgment of conviction?

☒ yes          ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to?     13th Court of Appeals

(B) What was the case number?     13-97-335-CR and 13-97-336-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:
Mark Alexander

(D) What was the decision and the date of the decision? Affirmed, vacated 8-31-99

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes          ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number?     N/A, March 5, 2000.

(B) What was the decision and the date of the decision?     Refused.

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☒ yes          ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? WR-49-474-02

3

Rev. 01/14/14

(B) What was the decision and the date of the decision? <u>Denied Without Written</u> Order

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

Scientific evidence was not available to applicant. Experts became

available with the last year. Witness recantation had not occurred.

Evidence is newly discovered and newly obtained. Legislation had

not passed Tex. Code of Crim. Prod. art. 11.073.

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☐ no

If you answered yes, please provide the name of the court and the case number:

_____

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☐ no

If you answered yes, answer the following questions:

(A) What date did you present the claim?    _____

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14